IN THE MATTER OF THE APPLICATION OF PENNSYL-VANIA-READING SEASHORE LINES, A CORPORATION, FOR AN ORDER DIRECTING ANTHONY P. MILLER, INC., A CORPORATION, TO PROCEED TO ARBITRATION.

Argued March 15, 1943—Decided August 13, 1943.

Before Justice DONGES, sitting alone pursuant to statute.

For the rule, *French, Richards & Bradley* and *Lloyd, Horn & Perskie* (by *John Lloyd, Jr.*).

*Contra, John E. Toolan* and *E. H. Cushman* (of the Pennsylvania bar).

The opinion of the court was delivered by

DONGES, J.   The petitioner seeks an order of this court to proceed with an arbitration clause in an agreement admittedly entered into between petitioner, Pennsylvania-Reading Seashore Lines, a corporation, and respondent, Anthony P. Miller, Inc., a corporation.   *R. S.* 2:40–10 *et seq.*

Respondent entered suit against petitioner, claiming that there is due to it the sum of $205,024.24, with interest from June 19th, 1940, on account of claims arising out of said contract.   The complaint filed in said cause alleges that the damages claimed arose from unwarranted delay on the part of petitioner.

The complaint of respondent in its law action claims damages substantially on two grounds: 1. That petitioner failed to provide sites for the prosecution of the work in accordance with the following provision of the contract:

"9.   *   *   *   The contractor shall not claim default of the provisions of the contract on account of delay in providing possession of the property required for the elimination if the railroad company negotiates with the property owner or owners and in the event negotiations fail, then institutes condemnation proceedings for such property and prosecutes such proceedings to a speedy conclusion."

Respondent alleges a failure to institute and prosecute such proceedings as provided in the agreement.

2. That the petitioner caused delay in directing respondent to stop work and refrain from proceeding therewith until directed by petitioner so to do, and that petitioner compelled respondent to discontinue the use of competent employees

and to substitute therefor incompetent employees, resulting in delay and increased costs to respondent.

The contract between the parties contains the following provisions:

"42.1 *Disputes.* And it is mutually agreed between the parties hereto that, in case of any dispute which may arise between the parties to this agreement in relation to matters of fact, but not of law, by reason of the stipulations and provisions contained in this contract, or as to the specifications, plans and drawings relating thereto, or as to the matter of performance of this contract by either of the said parties, the Engineer shall be and is hereby constituted and appointed the umpire to decide finally all such questions and matters, and it is further mutually agreed that his decision and determination as to all matters of fact arising from the terms and provisions of this contract shall have the force and effect of an award and shall be final, conclusive and binding as to the rights and claims of said parties."

From the record and proofs submitted to me, I am constrained to conclude that questions of fact only are involved in the dispute between the parties. These relate "to the matter of performance of this contract." The claim of respondent depends upon its proof of the facts alleged as evidencing failure on petitioner's part to perform its duties under the contract. There is no disputed question here, from the matter submitted, as to the terms and requirements of the contract, or construction of the contract. The sole question is as to performance of its terms by the parties.

The United States Court of Claims, in *Davis et al.* v. *The United States,* 82 *Ct. Claims* 334, said: "There is no question that parties to a contract are competent to make a stipulation of this kind and its provisions when made are binding upon them. But the competency of the parties to so stipulate, as the courts have many times pointed out, is limited to the decision of questions of fact arising under the contract, such as the quantity and quality of materials delivered, whether the work performed meets contract requirements, causes of delay in the performance of the work, &c. These

are questions of fact, the correct solution of which is usually largely dependent on professional knowledge and skill. They are questions which the parties to a contract may properly submit to the determination of the contracting officer or head of the department, and lawfully agree to be bound by his decision. * * *"

There appears to be no question of law or mixed question of law and fact arising out of the necessity for construction of the contract, but simply questions of fact as to performance of the obligations imposed upon the parties by the terms of the contract. I conclude that petitioner is entitled to an order for arbitration in accordance with the contract admittedly entered into by the parties thereto, and by which they elected to submit their disputes to arbitration and selected and nominated their umpire.